# EXHIBIT A

COMMONWEALTH OF VIRGINIA
## CIRCUIT COURT OF FAIRFAX COUNTY
4110 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
703-691-7320
(Press 3, Press 1)

Elizabeth Reeder vs. Navy Federal Credit Union et al.

CL-2024-0014108

TO:  Navy Federal Credit Union
     820 Follin Lane SE
     Vienna VA 22180

### SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.**

Done in the name of the Commonwealth of Virginia, on October 4, 2024.

CHRISTOPHER J. FALCON, CLERK

By: _____
Deputy Clerk

Plaintiff's Attorney:  Andrew J Shuniak Esq



RECEIVED
OCT 08 2024
BY: HA CO221
0825

# COVER SHEET FOR FILING CIVIL ACTIONS
COMMONWEALTH OF VIRGINIA

Case No. 2-24 14108
(CLERK'S OFFICE USE ONLY)

Fairfax ........................................ Circuit Court

Elizabeth Reeder    v./In re:    Equifax Information Services, LLC,
PLAINTIFF(S)                       DEFENDANT(S)
                                   Navy Federal Credit Union

I, the undersigned [ ] plaintiff [ ] defendant [X] attorney for [X] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

**GENERAL CIVIL**
**Subsequent Actions**
[ ] Claim Impleading Third Party Defendant
  [ ] Monetary Damages
  [ ] No Monetary Damages
[ ] Counterclaim
  [ ] Monetary Damages
  [ ] No Monetary Damages
[ ] Cross Claim
[ ] Interpleader
[ ] Reinstatement (other than divorce or driving privileges)
[ ] Removal of Case to Federal Court
**Business & Contract**
[ ] Attachment
[ ] Confessed Judgment
[X] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment
**Property**
[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
  [ ] Unlawful Detainer
[ ] Mechanics Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights
**Tort**
[ ] Asbestos Litigation
[ ] Compromise Settlement
[ ] Intentional Tort
[ ] Medical Malpractice
[ ] Motor Vehicle Tort
[ ] Product Liability
[ ] Wrongful Death
[ ] Other General Tort Liability

**ADMINISTRATIVE LAW**
[ ] Appeal/Judicial Review of Decision of (select one)
  [ ] ABC Board
  [ ] Board of Zoning
  [ ] Compensation Board
  [ ] DMV License Suspension
  [ ] Employee Grievance Decision
  [ ] Employment Commission
  [ ] Local Government
  [ ] Marine Resources Commission
  [ ] School Board
  [ ] Voter Registration
  [ ] Other Administrative Appeal

**DOMESTIC/FAMILY**
[ ] Adoption
  [ ] Adoption – Foreign
[ ] Adult Protection
[ ] Annulment
  [ ] Annulment – Counterclaim/Responsive Pleading
[ ] Child Abuse and Neglect – Unfounded Complaint
[ ] Civil Contempt
[ ] Divorce (select one)
  [ ] Complaint – Contested*
  [ ] Complaint – Uncontested*
  [ ] Counterclaim/Responsive Pleading
  [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
[ ] Separate Maintenance
  [ ] Separate Maintenance Counterclaim

**WRITS**
[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

**PROBATE/WILLS AND TRUSTS**
[ ] Accounting
[ ] Aid and Guidance
[ ] Appointment (select one)
  [ ] Guardian/Conservator
  [ ] Standby Guardian/Conservator
  [ ] Custodian/Successor Custodian (UTMA)
[ ] Trust (select one)
  [ ] Impress/Declare/Create
  [ ] Reformation
[ ] Will (select one)
  [ ] Construe
  [ ] Contested

**MISCELLANEOUS**
[ ] Amend Birth/Death Certificate
[ ] Appointment (select one)
  [ ] Church Trustee
  [ ] Conservator of Peace
  [ ] Marriage Celebrant
[ ] Approval of Transfer of Structured Settlement
[ ] Bond Forfeiture Appeal
[ ] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
  [ ] Reinstatement pursuant to § 46.2-427
  [ ] Restoration – Habitual Offender or 3rd Offense
[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of Property or Money
[ ] Freedom of Information
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill to Enforce
[ ] Law Enforcement/Public Official Petition
[ ] Name Change
[ ] Referendum Elections
[ ] Sever Order
[ ] Taxes (select one)
  [ ] Correct Erroneous State/Local
  [ ] Delinquent
[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[X] Other (please specify)
   Fair Credit Reporting

[X] Damages in the amount of $ 24,000.00    are claimed.

DATE    [ ] PLAINTIFF  [ ] DEFENDANT  [X] ATTORNEY FOR  [X] PLAINTIFF
                                                         [ ] DEFENDANT

J Andrew Shuniak, Esq
PRINT NAME

814 Admiral Gravely BLVD
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

Richmond VA 23231

andrew.shuniak@gitmeidlaw.com
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

FORM CC-1416 (MASTER) PAGE ONE 02/23

**VIRGINIA:**

IN THE CIRCUIT COURT OF FAIRFAX

FILED
CIVIL MAIL

2024 OCT -3 A 11: 30

CHRISTOPHER J. FALCON
CLERK, CIRCUIT COURT
FAIRFAX, VA

| | |
|---|---|
| Elizabeth Reeder,<br><br>            Plaintiff,<br><br>– against–<br><br>Navy Federal Credit Union, and Equifax Information Services, LLC,<br><br>            Defendant(s). | Case no. 2024 14108<br><br>**TRIAL BY JURY DEMANDED** |

## COMPLAINT AT LAW

NOW COMES Plaintiff by and through her attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC, and complains of Navy Federal Credit Union, and Equifax Information Services, LLC, as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information to falsely and inaccurately report consumers' credit information to credit reporting agencies.

### JURISDICTION AND VENUE

1

2. Jurisdiction is properly vested in this court pursuant to Va. Code § 8.01-328.1 because both Defendants transact business throughout the Commonwealth of Virginia.

3. Jurisdiction is also proper pursuant to 15 U.S.C. § 1681p.

4. Venue in this Court is proper pursuant to Va. Code § 8.01-262(2), (3) because Defendants are nonresidents conducting business within the Commonwealth of Virginia and portions of the cause of action arose in Fairfax County.

5. This suit was filed within the relevant statute of limitations.

## PARTIES

6. Plaintiff, Elizabeth Reeder is an adult citizen of Maryland domiciled in Hyattsville, MD. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

7. Defendant Navy Federal Credit Union ("Navy FCU") does business throughout the country and in the Commonwealth of Virginia. Navy FCU regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore is a "furnisher" of consumer credit information as that term is used in Section 1681s-2 of the FCRA.

8. Defendant Equifax Information Services, LLC, ("Equifax") is a limited liability company, doing business throughout the country and in the Commonwealth of Virginia. Equifax is a "consumer reporting agency" as defined in Section 1681a(f) of the FCRA.

## FACTUAL ALLEGATION

9. Navy FCU issued an account ending in 4380 to Plaintiff; the account was routinely reported on Plaintiff's consumer credit report.

10. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

11. On or about March 13, 2024, Plaintiff and Silverman Thelogou, LLP on behalf of Navy FCU entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached hereto as **Exhibit A.**

12. Pursuant to the terms of the settlement, Plaintiff was required to make a lump sum payment totaling $2,175.00 to settle and close her Navy FCU account.

13. Plaintiff, via counsel, timely made the requisite settlement payment in compliance with the terms of the aforementioned settlement agreement.

14. However, over three months later, Plaintiff's account continued to be negatively reported.

15. On a requested credit report dated June 12, 2024, Plaintiff's Navy FCU account was reported with a status of "Late Over 120 Days" a balance of $4,349.00, and a past due balance of $503.00. The relevant portion of Plaintiff's credit report is attached hereto as **Exhibit B.**

16. This trade line was inaccurately reported. The account was settled for less than the full balance and must be reported as such.

17. On or about July 2, 2024, Plaintiff notified Defendants of a dispute on the Navy FCU account's completeness and/or accuracy. A copy of this letter is attached hereto as **Exhibit C.**

18. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Navy FCU to the Consumer Reporting Agencies, via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

19. In August of 2024, Plaintiff requested updated credit reports for review. The trade line for the Navy FCU account in question remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portion of the August 2024 credit report is attached hereto as **Exhibit D.**

20. Equifax did not notify Navy FCU of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify Navy FCU and Navy FCU failed to properly investigate and delete the trade line or properly update the trade line on Plaintiff's credit reports.

21. If Navy FCU did perform a reasonable investigation of Plaintiff's dispute, Plaintiff's Navy FCU account would be updated to reflect a settled status with a $0 balance.

22. Navy FCU has promised through its subscriber agreements or contracts to accurately update accounts, but Navy FCU has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

23. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Equifax.

24. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

25. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CLAIM FOR RELIEF

26. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

27. Navy FCU is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

28. Navy FCU failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

29. Navy FCU failed to update Plaintiff's credit report and/or notify the credit bureaus that the Navy FCU account in question was disputed in violation of 15 U.S.C. § 1681s-2(b).

30. Navy FCU failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

31. Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes as required by 15 U.S.C. § 1681i(a).

32. Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

33. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following forms: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loans that would otherwise be affordable and other damages that may be ascertained at a later date.

34. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants as for $24,000 of actual damages, punitive damages, reasonable attorney's fees, and any such other relief as may be just and proper.

Respectfully Submitted,

*/s/ J Andrew Shuniak*
J Andrew Shuniak, Esq.
Attorney for Plaintiff
Law Offices of Robert S. Gitmeid & Assoc., PLLC
814 Admiral Gravely Boulevard
Richmond, VA 23231
Tel: (571) 201-9021
Fax: (212) 208-2591
Jandrew.S@gitmeidlaw.com